## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, DAYTON

| | | |
|---|---|---|
| PLINIO ALVARADO QUINONEZ, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-159 |
| | : | |
| vs. | : | JUDGE WALTER H. RICE |
| | : | |
| IMI MATERIAL HANDLING | : | |
| LOGISTICS INC., et al. | : | |
| | : | |
| Defendants. | : | |

### AMENDED ANSWER OF DEFENDANTS NP DAYTON BUILIDNG IV, LLC, NPD MANAGEMENT, LLC, AND NORTHPOINT DEVELOPMENT, LLC AND CROSS-CLAIM AGAINST DEFENDANT CLAYCO, INC.

### -Jury Demand Endorsed Hereon-

Now come Defendants NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC ("Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint against them state as follows:

### DEFENSE ONE

1. These Defendants state they are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 21, 22, 23, 25, 27, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 85, 86, 87. 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 103, 106, 113, 124, 126, 127, 134, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 157, and 158 of Plaintiff's Complaint and therefore deny the same.

2. Further answering, these Defendants admit the allegations contained in Paragraphs 1, 2, 18, 19, 24, 110, 111, 112, 114, 115, 131, 132, 133, 135, and 136 Plaintiff's Complaint.

1

3. Further answering, these Defendants deny the allegations contained in Paragraphs 42, 65, 66, 79, 80, 81, 82, 83, 84, 98, 99, 100, 101, 102, 104, 105, 107, 108, 109, 116, 117, 118, 119, 120, 121, 122, 123, 125, 128, 129, 130, 137, 138, 139, 140, 141, 142, 143, 144, 159, 160, 161 and 162 of Plaintiff's Complaint.

5. Further answering, pursuant to Paragraph 20 of the Plaintiff's Complaint these Defendants admit the allegations in the first sentence of the paragraph, but deny the allegations in the second sentence of the paragraph.

6. Further answering, pursuant to Paragraph 26 of the Plaintiff's Complaint NorthPoint Holdings the parent company of subsidiaries, NPD Management, LLC, NorthPoint Development, LLC, and NP Dayton Building IV, LLC. Further answering, NP Dayton IV, LLC is the building owners, NPD Management, LLC is the property management entity, and NorthPoint Development, LLC was the building developer.

7. Further answering, pursuant to Paragraph 28 of the Plaintiff's Complaint, the allegations are correct, except for the identification of "NP Dayton." The Defendant intended to be referenced in Paragraph 28 is NP Dayton Building IV, LLC

8. Further answering, these Defendants deny all allegations contained in Plaintiff's Complaint not specifically admitted as true.

**DEFENSE TWO:**

9. Further answering, any damage or injuries suffered by the Plaintiff was proximately caused by his own contributory/comparative negligence, thus barring or limiting recovery as provided by the Ohio Revised Code and the common law of this jurisdiction.

**DEFENSE THREE:**

10. Further answering, pursuant to *Robinson v. Bates* (2006), 112 Ohio St. 3d 117, these Defendants are entitled to a reduction and/or set off for any and all amounts that were written off or otherwise not collected by medical providers, as a result of payments made by insurance carriers, health care providers, Medicare, Medicaid and/or worker's compensation.

**DEFENSE FOUR:**

11. Plaintiffs have failed to join all parties necessary for a just adjudication of this dispute.

**DEFENSE FIVE:**

12. Any damage or injuries suffered by Plaintiff was proximately caused by the negligence of another defendant or by the negligence of a person or persons not named as a party to this lawsuit, and the negligence or fault of any such persons or parties should be apportioned accordingly.

**DEFENSE SIX:**

13. Plaintiff voluntarily and knowingly assumed the risk of his injuries.

**DEFENSE SEVEN:**

14. Further answering, these Defendants are entitled to a credit or set-off for certain collateral benefits paid to or on behalf of the Plaintiffs pursuant to statutory provisions or the common law of this jurisdiction.

**DEFENSE EIGHT:**

15. Further answering, these Defendants are liable for only that portion of Plaintiffs' non-economic damages caused by these Defendants' own proportionate share of liability, pursuant to statutory provisions or the common law of this jurisdiction.

**DEFENSE NINE:**

16. The injuries or damages alleged by the Plaintiff were caused by a superseding and/or intervening cause or event for which these Defendants are not liable.

**DEFENSE TEN:**

17. Pursuant to Ohio statute, the Plaintiff's claims for punitive damages must be bifurcated.

**DEFENSE ELEVEN:**

18. The Plaintiff was an employee of and independent contractor and/or an independent contract engaged in inherently dangerous work.

**DEFENSE TWELVE:**

19. Further answering, these Defendants state that the Complaint filed herein fails to state a cause of action against it upon which relief can be granted.

**DEFENSE THIRTEEN:**

20. Further answering, the amount of damages recoverable by the Plaintiff in this action are subject to the limitations, restrictions, or caps set forth in the Ohio Revised Code.

**DEFENSE FOURTEEN:**

21. Defendants state that if Plaintiffs sustained any injuries or damages as alleged in the Complaint, which these Defendants specifically deny such injuries or damages were caused in whole or in part by the conduct of one or more persons for whose conduct these Defendants are not legally responsible.

**DEFENSE FIFTEEN:**

22. The claims asserted in the Complaint filed herein are barred by the applicable statutes of limitation or applicable statutes of repose.

**DEFENSE SIXTEEN:**

23. Further answering, these Defendants reserve the right to assert additional defenses to this Complaint that may be revealed through further investigation and discovery.

**DEFENSE SEVENTEEN:**

24. If the Defendants are found liable herein, it is entitled to a set-off and/or credit on any such judgment for monies previously paid to or on behalf of the Plaintiffs pursuant to the any worker's compensation claim Plaintiffs have filed or pursuant to any claim for disability of life insurance benefits against a policy paid for by these Defendants.

**DEFENSE EIGHTEEN:**

25. Further answering, the alleged hazard encountered by the Plaintiff was open and obvious.

**DEFENSE NINETEEN:**

26. Further answering, these Defendants had neither active nor constructive notice or knowledge of any alleged hazard.

**DEFENSE TWENTY:**

27. Further answering, the Plaintiffs may have failed to join all parties necessary for a just adjudication of this dispute, namely any health insurer, auto insurer and/or governmental agency who has or may have a subrogation claim or other interest in this lawsuit.

**DEFENSE TWENTY-ONE:**

28. These Defendants state there has been an insufficiency of process and/or an insufficiency of service of process, as it relates to these Defendants.

WHEREFORE, having fully answered the Complaint filed herein against it, Defendants, pray that it recovers its damages incurred herein, including attorney fees, and other such relief, legal or equitable, as the Court may deem just and proper.

**CROSS CLAIM OF DEFENDANTS NP DAYTON BUILIDNG IV, LLC, NPD MANAGEMENT, LLC, AND NORTHPOINT DEVELOPMENT, LLC AGAINST DEFENDANT CLAYCO, INC.**

**-Jury Demand Endorsed Hereon-**

Now come Defendants NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC ("Defendants"), by and through counsel, and for their Cross-Claim against Defendant Clayco, Inc. state as follows:

1. Plaintiff Plinio Alvarado Quinonez, (hereinafter "Plaintiff") has filed a Complaint in this matter against Defendants IMI Material Handling Logistics, Inc.; Dematic Corp.; Clayco, Inc.; Crocs, Inc.; NP Dayton Building, IV, LLC; NPD Management, LLC, Northpoint Development, LLC, Laporte Consultants Corp.; Sergio Romero; Lorenzo Avila; Justin Parsons, and John Does 1, 2, 3, 4, 5, 6 and 7. Plaintiff's Complaint is incorporated herein by reference as though fully rewritten herein at length, not for the purpose of adopting the statements and events contained therein as being true and correct, but rather to support the basis upon which this Cross-Claim is made against Defendant Clayco, Inc.

2. In his Complaint, Plaintiff alleges on June 17, 2019 he fell 12.5 feet from an elevated platform to a concrete floor suffering injuries.

3. On June 17, 2019, Defendant NP Dayton Building IV, LLC was the building owner of the construction project (the "Crocs project") located at 10391 Dog Leg Road, Vandalia, Montgomery County, Ohio 45377.

4. On June 17, 2019, NPD Management was the property management company for the Crocs project located at 10391 Dog Leg Road, Vandalia, Montgomery County, Ohio 45377.

5. On June 17, 2019, Northpoint Development, LLC was the building developer for the Crocs project located at 10391 Dog Leg Road, Vandalia, Montgomery County, Ohio 45377.

6. On June 17, 2019, Clayco, Inc. was the general contractor on the Crocs project located at 10391 Dog Leg Road, Vandalia, Montgomery County, Ohio 45377.

7. Plaintiffs allege NP Dayton Building IV, LLC, NPD Management and Northpoint Development, LLC are liable for Plaintiff's injuries under Count III (Employer Duty to Protect Employees and Frequenters under Ohio Revised Code 4101.11; Count IV (Employer Duty to Furnish Safe Place of Employment under Ohio Revised Code 4101.12); and Count VI (Negligence).

8. Plaintiffs allege Clayco, Inc. is also liable for Plaintiff's injuries under Count III (Employer Duty to Protect Employees and Frequenters under Ohio Revised Code 4101.11; Count IV (Employer Duty to Furnish Safe Place of Employment under Ohio Revised Code 4101.12); and Count VI (Negligence).

**COUNT I – CONTRIBUTION, INDEMNIFICATION AND NEGLIGENCE:**

9. NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC incorporates by reference, as though fully rewritten herein at length, each and every averment, allegation and statement contained in the foregoing.

10. If it is found that NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC were negligent, which negligence is expressly denied, then NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC states that Clayco, Inc., was a joint tortfeasor with respect to the injuries and/or damages allegedly suffered

by Plaintiff and AAA requests that the Court make a determination of the degree of negligence and/or liability, if any, on the part of NP Dayton Building IV, LLC, NPD Management and Northpoint Development, LLC and the part of Clayco, Inc..

11. Based upon the foregoing, NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC is entitled to contribution from and against Clayco, Inc. with regard to Plaintiff's claims and Plaintiff's claimed injuries and damages.

12. NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC states that the injuries and/or damages allegedly suffered by Plaintiff was the direct and proximate result of the active and primary negligence of Clayco, Inc. and that the negligence of NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC, which negligence is expressly denied, was passive and secondary thereto.

17. Accordingly, if Plaintiff recovers from NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC, then NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC is entitled to indemnification from Clayco, Inc. to the extent of any judgment rendered in favor of Plaintiff against NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC

18. This claim is brought pursuant to the common law of the State of Ohio as well as Revised Code §2307.25.

**COUNT II – BREACH OF CONTRACT:**

19. NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC incorporates by reference, as though fully rewritten herein at length, each and every averment, allegation and statement contained in the foregoing Counts.

20. Pursuant to contract as between NP Dayton Building IV, LLC, and Clayco, Inc. NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC was to be named as an additional insured under the policies of insurance issued to Clayco, Inc., with regard to work which allegedly caused the claimed injuries and damages to Plaintiff.

21. With respect to the above, NP Dayton Building IV, LLC, entered into a contract with Clayco, Inc. to serve as general contractor on the Crocs project. The contract is is attached hereto as Exhibit A.

22. The Contract between NP Dayton Building, IV, LLC and Clayco, Inc. includes AIA Document A102-2017, standard form of agreement between owner and contractor as well as general conditions, which are contained within AIA Document A201-2017, general conditions of contract for construction.

23. Under the contract between NP Dayton Building, IV, LLC and Clayco, Inc., Clayco, Inc. is contractually obligated to defend, indemnify, and hold harmless NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC for the claims of the Plaintiff.

24. NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC have made formal defense tender and request for indemnification under the terms of the Contract between NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC , directly to Clayco, Inc. which has been either been denied or has received no response.

**WHEREFORE,** NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC demands judgment against Clayco, Inc., to the extent of any judgment rendered in favor of Plaintiff against NP Dayton Building IV, LLC, NPD Management, LLC, and

Northpoint Development, LLC  Further, NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC requests that it be awarded its costs and expenses, including but not limited to, attorney fees and expenses against Clayco, Inc. and for any other relief, which NP Dayton Building IV, LLC, NPD Management, LLC and Northpoint Development, LLC may be entitled to at law or in equity, as this Court deems best and appropriate.

> Respectfully submitted,
>
> **WESTON HURD, LLP**
>
> */s/ Steven G. Carlino*
> Steven G. Carlino         (0073734)
> 101 E. Town Street, Suite 500
> Columbus, Ohio 43215
> scarlino@westonhurd.com
> Office:  614-280-0200
> Fax:  614-280-0204
> *Attorneys for Defendants NP Dayton Building IV, LLC, NPD Management, LLC, and Northpoint Development, LLC*

## **JURY DEMAND**

This Defendant demands that all issues of this case be tried to a jury.

> */s/ Steven G. Carlino*
> Steven G. Carlino      (0073734)

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that the foregoing was filed and served through the Clerk's electronic filing system, this 13th day of December 2021 to the following counsel of record herein:

Tyler C. Haslam, Esq.
Haslam Law Firm, LLC
P.O. Box 585
Huntington, WV 25710
tyler@haslamlawfirm.com
*Attorney for Plaintiff*

Bringham M. Anderson, Esq.
Anderson & Anderson Co., LPA
P.O. Box 712
Ironton, Ohio 45638
*Attorney for Plaintiff*

Piero P. Cozza, Esq.
Dickie, McCamey & Chilcote, P.C.
401 Market Street
Steubenville, Ohio 43952
pcozza@dmclaw.com
*Attorney for Defendant IMI Material Handling Logistics, Inc.*

Robert C. Tucker, Esq.
Robison, Curphey & O'Connell, LLC
Four Seagate, Ninth Floor
Toledo, Ohio 43604
rtucker@rcolaw.com
*Attorney for Defendant Clayco, Inc.*

Portia Kayser, Esq.
Practus, LLP
701 Market Street
Sutie 350
St. Louis, MO 63101
314-806-0181
Portia.Kayser@practus.com
*Attorney for Defendant Clayco, Inc.*

Judd R. Uhl, Esq.
Lewis Brisbois Bisgaard & Smith LLP
250 East Fifth Street
Suite 2000
Cincinnati, Ohio 45202
Judd.uhl@lewisbrisbois.com
*Attorney for Defendant Crocs, Inc.*

Zachary B. Pyers, Esq.
Kenton H. Steele, Esq.
Reminger Co., L.P.A.
200 Civic Center Drive
Suite 800
Columbus, Ohio 43215
zpyers@reminger.com
ksteele@reminger.com
*Attorneys for Defendant Laporte Consultants Corp.*

David E. Williamson, Esq.
312 Elm Street
Cincinnati, OH 45202
*Attorney for Defendants Dematic Corp. and*
*Avila, Parsons and Romero*

            *Steven. G. Carlino*
            Steven G. Carlino