IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PLINIO ALVARADO QUINONEZ,

    Plaintiff,

    v.

IMI MATERIAL HANDLING
LOGISTICS, INC., *et al.*,

    Defendants.

Case No. 3:21-cv-159

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT CROCS, INC.'S MOTION TO DISMISS (DOC. #19); DISMISSING CLAIMS AGAINST CROCS, INC., WITHOUT PREJUDICE; WITHIN 14 DAYS, PLAINTIFF SHALL FILE A MOTION SEEKING LEAVE TO FILE AN AMENDED COMPLAINT OR A NOTICE THAT HE DOES NOT INTEND TO DO SO

---

Plaintiff Plinio Alvarado Quinonez was severely injured when he fell from a platform at a warehouse. He filed suit against his employer and numerous other entities, including Crocs, Inc. This matter is currently before the Court on Defendant Crocs, Inc.'s Motion to Dismiss, Doc. #19.

I. **Background and Procedural History**

In February of 2019, Defendant Crocs, Inc., announced that it would be moving its operations from California to a new warehouse facility in Vandalia, Ohio. According to the Complaint, the Vandalia property was owned and controlled by Defendant NP Dayton Building IV, LLC, for the benefit of Crocs.

Defendant Clayco, Inc., was the general contractor for the project. Defendant Dematic Corporation was selected to complete the building project. Dematic contracted with Defendant IMI Materials Handling Corporation ("IMI") to provide laborers for the project.

Plaintiff Quinonez was hired by IMI as one of those laborers. He traveled to Ohio from California to work on the construction project. He alleges that he was not provided with appropriate safety training in his native language, which is Spanish. On June 17, 2019, he was working on an elevated platform in the warehouse when he fell approximately 12.5 feet onto the concrete floor below. He suffered severe injuries and was hospitalized for almost one month. He alleges that the platform had no guardrails and that there were no safety nets in the vicinity to protect him from injury in the event of a fall.

On June 9, 2021, Plaintiff filed suit against numerous entities and John Doe defendants, seeking compensatory and punitive damages. He asserted statutory and common law claims stemming from Defendants' alleged failure to take appropriate safety precautions and their breach of duty to protect employees and provide a safe workplace. He also asserted claims of negligent hiring and negligence.

Defendant Crocs, Inc., has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #19. It argues that the factual allegations contained in the Complaint are insufficient to state a plausible claim for relief against Crocs. That motion is fully briefed, *see* Docs. ##34, 37, and ripe for decision.

II. **Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint

3

must be dismissed." *Id.* Although this standard does not require detailed factual allegations, it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

In ruling on a motion to dismiss, the court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## III. Discussion

Although Crocs, Inc., is named as a Defendant, Plaintiff's Complaint contains very few factual allegations concerning Crocs. It alleges only that: (1) in February of 2019, Crocs announced that it would be moving from California to a build-to-suit facility in Dayton;[1] (2) the property in question was owned and

---

[1] Plaintiff attached a magazine article concerning this announcement to his memorandum in opposition to the motion to dismiss, Doc. #34. However, because the article is not referred to in the Complaint and it is not central to Plaintiff's claims, the Court cannot consider it in ruling on the motion. *Bassett*, 528 F.3d at 430.

controlled by NP Dayton for the benefit of Crocs; (3) NP Dayton prepared the property for occupation by Crocs; and (4) Crocs celebrated the opening of the new facility on November 6, 2019. Doc. #1, PageID##3-4, 7.

Counts I through V of the Complaint contain no factual allegations implicating Crocs. Count VI, the negligence claim, alleges that "[e]ach Defendant, individually and/or collectively, had a duty to ensure that Plaintiff was protected from injury while working on the project" and that "[e]ach Defendant, individually and/or collectively, breached that duty by allowing Plaintiff to be injured." *Id.* at PageID#24.

Crocs argues that these allegations fail to state a plausible claim for relief. To succeed on a negligence claim under Ohio law, Plaintiff must prove the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach. *Rieger v. Giant Eagle, Inc.*, 2019-Ohio-3745, 157 Ohio St. 3d 512, 516, 138 N.E.3d 1121, 1125.

The Court agrees with Crocs that the factual allegations contained in the Complaint are insufficient to state a plausible negligence claim against Crocs. There are no factual allegations that give rise to the existence of a duty on the part of Crocs. Plaintiff does not allege that Crocs owned, controlled or occupied the property on the date he was injured. Nor does he allege that he was employed by Crocs. He cites to no case law indicating that Crocs owed a duty to ensure the safety of the laborers simply because the warehouse was being constructed for its benefit. Even if Plaintiff had adequately alleged the existence of a duty of care,

5

the Complaint contains no factual allegations concerning what Crocs did to breach such a duty or to contribute to the cause of Plaintiff's injury.

## IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant Crocs' Motion to Dismiss, Doc. #19. Plaintiff has requested that, if the Court grants the motion, the Court also grant leave to amend his Complaint. Accordingly, at this juncture, the Court will dismiss the claims against Crocs without prejudice. Within 14 days of the date of this Decision and Entry, Plaintiff may file a Motion for Leave to File an Amended Complaint if he can do so within the strictures of Fed. R. Civ. P. 11. In the alternative, within the same time period, Plaintiff shall file a Notice that he does not intend to seek leave to file an Amended Complaint, at which time the Court will dismiss all claims against Crocs with prejudice.

Date: December 29, 2021

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE