IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PLINIO ALVARADO QUINONEZ, :

    Plaintiff,

    v.                                 :      Case No. 3:21-cv-159

IMI MATERIAL HANDLING             JUDGE WALTER H. RICE
LOGISTICS, INC., *et al.*,

    Defendant.                   :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING
IN PART MOTION FOR JUDGMENT ON THE PLEADINGS BY
DEFENDANTS DEMATIC CORPORATION, SERGIO ROMERO,
LORENZO AVILA AND JUSTIN PARSONS (DOC. #65)

---

Plaintiff, Plinio Alvarado Quinonez, was severely injured on the job. After collecting workers' compensation benefits, he sued numerous entities, asserting a variety of state law claims against IMI Material Handling Logistics, Inc. ("IMI"), Dematic Corporation ("Dematic"), Clayco, Inc. ("Clayco"), Crocs, Inc. ("Crocs"), NP Building IV, LLC ("NP Dayton"), NPD Management, LLC, Northpoint Development, LLC, Laporte Consultants Corporation ("Laporte"), Sergio Romero, Lorenzo Avila, Justin Parsons, and numerous John Doe Defendants. The Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

This matter is currently before the Court on the Motion for Judgment on the Pleadings by Defendants Dematic Corp., Sergio Romero, Lorenzo Avila, and

Justin Parsons (collectively "the Dematic Defendants"), Doc. #65, Plaintiff's Memorandum in Opposition, Doc. #70, and Defendants' Reply, Doc. #75.

I.   **Background and Procedural History**

Plaintiff, Plinio Alvarado Quinonez, is a citizen and resident of California. He was hired as a laborer to help construct a new warehouse for Crocs, Inc. ("Crocs"), in Vandalia, Ohio. On June 17, 2019, Plaintiff fell approximately 12.5 feet from an elevated platform inside the warehouse to the concrete floor below. The platform did not have guardrails on all sides. Plaintiff had no fall arrest equipment and there were no safety nets in the vicinity of the platform. He suffered severe injuries, requiring 26 days of hospitalization. Following an investigation, the Occupational Safety and Health Administration ("OSHA") issued four citations to Defendant Dematic Corporation.

At the time of Plaintiff's injury, the warehouse was owned by Defendant NP Dayton Building IV, LLC ("NP Dayton"), for the benefit of Crocs. NP Dayton hired Defendant Clayco as the general contractor, and Clayco hired Dematic to build the warehouse. Defendant Laporte served as the project manager. Dematic contracted with Defendant IMI Material Handling Logistics, Inc. ("IMI"), a temporary staffing agency, to provide laborers for the Crocs project.[1] Plaintiff was one of those laborers.

---

[1] The seven John Doe Defendants were employed by IMI, Dematic, Clayco and Laporte as supervisors on the Crocs' project.

2

The Complaint alleges that Clayco, Dematic, Laporte and IMI all undertook and shared responsibility for the safety of Plaintiff and the other workers, and that, at various points during the OSHA investigation, IMI and Dematic both claimed responsibility for Plaintiff's supervision, training and safety. It further alleges that Defendants Sergio Romero, Lorenzo Avila and Justin Parsons were supervisors and foremen specifically employed by Dematic to supervise and ensure the safety of Plaintiff and others working on the Crocs project. Doc. #1, PageID##8, 10.

Following his injury, Plaintiff filed a workers' compensation claim in Ohio. Although he was paid some benefits, his claim was ultimately disallowed on the basis that he was a California resident and his contract with his employer, IMI, was made in California. He then filed a workers' compensation claim in California and was able to recover benefits there. He was ordered to repay the benefits he had received in Ohio.

On June 9, 2021, Plaintiff filed suit alleging six causes of action:

Count I: Violation of Ohio Rev. Code § 2745.01 — deliberate intent
Count II: Common Law Employer Intentional Tort
Count III: Violation of Ohio Rev. Code § 4101.11 — employer duty to protect employees and frequenters
Count IV: Violation of Ohio Rev. Code § 4101.12 — employer duty to furnish a safe place of employment
Count V: Negligent Hiring
Count VI: Negligence

Doc. #1.[2]

---

[2] On March 14, 2022, the Court dismissed Plaintiff's claim against Crocs with prejudice. Doc. #54. On July 21, 2022, the Court sustained Defendant IMI's

3

The Dematic Defendants have filed a Motion for Judgment on the Pleadings, Doc. #65. That motion is fully briefed. Docs. ##70, 75.

## II.    Fed. R. Civ. P. 12(c)

Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the

---

unopposed Motion for Judgment on the Pleadings on Counts II-VI of the Complaint, Doc. #78. On September 23, 2022, counsel provided notice that IMI had commenced Chapter 7 bankruptcy proceedings, triggering an automatic stay as to Defendant IMI, Doc. #91, with respect to the one remaining claim. Counsel have agreed that the stay does not affect the ability to proceed on Plaintiff's claims against the remaining Defendants.

complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. Discussion

The Dematic Defendants have moved for dismissal of all claims asserted against them. The Court will first address the intentional tort claims, then the negligence claims.

#### A. Employer Intentional Torts (Counts I and II)

Count I of Plaintiff's Complaint alleges a violation of Ohio Revised Code § 2745.01. Count II of the Complaint alleges a common law employer intentional tort. In these claims, Romero, Avila and Parsons are sued individually and as representatives of Dematic.

The Court will first turn to the question of whether Plaintiff has asserted a plausible claim for relief against either Dematic or against Romero, Avila and Parsons as *corporate representatives*. It will then address the question of whether

5

Plaintiff has asserted a plausible claim against Romero, Avila and Parsons in their *individual* capacities.

### 1. Claims against Dematic, and Romero, Avila and Parsons as Representatives of Dematic

Ohio Revised Code § 2745.01 provides as follows:

> In an action brought against an employer by an employee . . . for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

Ohio Rev. Code § 2745.01(A). The Supreme Court of Ohio has explained:

> The General Assembly's intent in enacting R.C. 2745.01 was to "significantly restrict" recovery for employer intentional torts to situations in which the employer "acts with specific intent to cause an injury." *Kaminski,* 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066 at ¶ 57; *Stetter v. R.J. Corman Derailment Servs., L.L.C.,* 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 26, citing *Kaminski* at ¶ 56. "[A]bsent a deliberate intent to injure another, an employer is not liable for a claim alleging an employer intentional tort, and the injured employee's exclusive remedy is within the workers' compensation system." *Houdek v. ThyssenKrupp Materials N.A., Inc.,* 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, ¶ 25.

*Hoyle v. DTJ Ents., Inc.,* 2015-Ohio-843, ¶ 11, 143 Ohio St. 3d 197, 200, 36 N.E.3d 122, 127.

In their Motion for Judgment on the Pleadings, Doc. #65, the Dematic Defendants argue that: (1) Plaintiff has failed to allege the facts necessary to support an employer intentional tort under Ohio Revised Code § 2745.01; and (2) that § 2745.01 supersedes Plaintiff's common law intentional tort claim as set forth in Count II.

6

With respect to Count I, the Dematic Defendants argue that, although Plaintiff alleges that they made deliberate decisions to not take certain safety precautions, Plaintiff fails to allege that they had a deliberate intent to injure him. This is simply not true.

The Complaint alleges that Dematic blatantly disregarded OSHA regulations, actively participated in and directed the activities relating to fall protections, fall arrest and safety systems, and safety training, and/or gave or denied permission for the critical acts that led to Plaintiff's injuries. Plaintiff further alleges that Romero, Avila and Parsons made deliberate decisions not to take safety precautions against falls, and intentionally removed and/or failed to install fall arrest and safety systems, or to take other appropriate safety measures. In paragraph 79, Plaintiff specifically alleges that "[t]he aforementioned Defendants [including Dematic, Romero, Avila and Parsons] acted or failed to act with the intent to injure" him. Additionally, and/or alternatively, paragraph 80 alleges that they acted or failed to act believing that injury to Plaintiff was "substantially certain to occur." Doc. #1, PageID##12-16.

The Court finds that these allegations are sufficient to state a plausible claim for relief under § 2745.01. Therefore, as to the claims asserted against Dematic, and against Romero, Avila and Parsons in their representative capacities, the Court OVERRULES the Dematic Defendants' motion for judgment on the pleadings on Count I.

The Court now turns to Count II, the common law employer intentional tort claim. As Defendants correctly point out, Ohio Revised Code § 2745.01 supersedes any such cause of action. *See Ball v. MPW Indus. Servs., Inc.*, 2016-Ohio-5744, 60 N.E.3d 1279, ¶31 (Ct. App. 2016). Accordingly, with respect to the common law intentional tort claim brought against Dematic and against Romero, Avila and Parsons as representatives of Dematic, Plaintiff has failed to state a claim upon which relief may be granted. The Court therefore SUSTAINS this portion of the Dematic Defendants' motion.

### 2. Claims Against Individuals

Plaintiff has also asserted employer intentional tort claims against Romero, Avila and Parsons in their individual capacities. Ohio Revised Code § 2745.01 applies only to "employers." Plaintiff does not allege that he was employed by any of these individuals. Therefore, to the extent that Romero, Avila and Parsons are sued in their *individual capacities*, Count I fails to state a plausible claim against them. As such, the Court SUSTAINS this portion of the motion.

As to Count II, the Court notes that question of whether Ohio recognizes a common law workplace intentional tort against a co-employee or supervisor appears to be unsettled. *See State ex rel. Yeaples v. Gall*, 141 Ohio St. 3d 234, 2014-Ohio-4724, 23 N.E.3d 1077, ¶18 (holding that because Yeaples had not met the requirements for the issuance of a writ, "we need not tread into the complex

workers' compensation milieu to determine whether Ohio recognizes the workplace intentional tort against a co-employee.").[3]

Assuming *arguendo* that Ohio recognizes such a claim, the Dematic Defendants argue that Plaintiff's allegations are insufficient to survive the motion for judgment on the pleadings. Plaintiff must allege: (1) knowledge by the co-employee of the existence of a dangerous condition; (2) knowledge by the co-employee that if the employee is subjected to such a dangerous condition, then harm to the employee will be a substantial certainty; and (3) the co-employee nevertheless required the employee to continue to perform the dangerous task. *See Head v. Reilly Painting & Contr., Inc.*, 2015-Ohio-688, 28 N.E.3d 126, ¶16 (Ohio Ct. App.) (citing *Fyffe v. Jeno's, Inc.*, 59 Ohio St. 3d 115 (1991)).

In his Complaint, Plaintiff alleges that Romero, Avila and Parsons, "as supervisors responsible for safety for Dematic, made deliberate decisions not to take safety precautions against falls," and that they "acted or failed to act with the intent to injure" him. He further alleges that "Defendants intentionally removed and/or failed to install fall arrest and safety systems, or to take other appropriate safety measures, to protect" him. Doc. #1, PageID##12-13. Finally, he alleges that "he was required to work on an elevated platform without appropriate safety equipment or safety measures being in place." *Id.* at PageID#11.

---

[3] *But see Hunt v. Alderman*, 2015-Ohio-4667, 50 N.E.3d 253, ¶15 (Ohio Ct. App. 2015) ("it is reasonable to conclude that fellow employees are likewise not immune from civil liability for intentional torts.").

9

In the Court's view, these factual allegations are sufficient to state a claim for relief against Romero, Avila and Parsons in their individual capacities. Plaintiff's allegations that these Defendants acted "deliberately" and "intentionally" show the requisite knowledge and intent to injure, and he alleges that they nevertheless required him to continue to perform his work under dangerous conditions. Accordingly, the Court OVERRULES the motion to dismiss the individual capacity claims asserted in Count II.

### B. Negligence Claims (Counts III-VI)

Counts III through VI of the Complaint seek damages under various theories of negligence. Under Ohio law, a plaintiff seeking to recover for negligence must prove that the defendant owed him a duty, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8.

Counts III and IV of the Complaint seek relief against Dematic under Ohio Revised Code §§ 4101.11 and 4101.12. Ohio Rev. Code § 4101.11 provides as follows:

> Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.

10

In a similar vein, Ohio Rev. Code § 4101.12 provides:

> No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe. No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters. No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe.

Plaintiff admits that he was an employee of IMI, and that IMI was listed as his "employer" on his workers' compensation claims. Nevertheless, citing the "interconnected working relationship" between Dematic, Clayco, Laporte and the NP Defendants, Plaintiff alleges that he was also "an employee of those defendants or, at a minimum a frequenter of the Crocs Project for purposes of Ohio Revised Code § 4101.11 [and § 4101.12]." Doc. #1, PageID##16, 19. He maintains that Dematic therefore had a statutory duty to provide him with a reasonably safe workplace by furnishing appropriate safety equipment and taking other steps to protect him from falls. *Id.* at PageID##17, 19-20.

Count V of the Complaint alleges that Dematic was negligent in its hiring of Romero, Avila and Parsons. *Id.* at PageID#23. Count VI alleges that Dematic, Romero, Avila and Parsons, individually and/or collectively, had a duty to ensure Plaintiff's safety and breached that duty, resulting in Plaintiff's injuries. *Id.* at PageID#24.

11

### 1. Claims Based on Dematic's Status as "Employer"

In their Motion for Judgment on the Pleadings, the Dematic Defendants argue that, to the extent that Plaintiff alleges that Dematic was his "employer," Dematic is statutorily immune from all negligence claims. Ohio Revised Code § 4123.74 provides, in relevant part, as follows:

> Employers who comply with section 4123.35 of the Revised Code [the Workers' Compensation statute] shall not be liable to respond in damages at common law or by statute for any injury. . . received or contracted by any employee in the course of or arising out of his employment,. . . occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury . . . is compensable under this chapter.

California law likewise provides that workers' compensation benefits are the "sole and exclusive remedy" for an injured employee. *See* Cal. Lab. Code §§3602.

Dematic maintains that, because Plaintiff received workers' compensation benefits for his injuries, and because Dematic was in full compliance with the workers' compensation laws in Ohio and California at the time of Plaintiff's injury, Dematic, as Plaintiff's "employer," is entitled to statutory immunity on the negligence claims asserted in Counts III-VI of the Complaint, and entitled to judgment as a matter of law.

The Dematic Defendants attached, as exhibits to their motion, certificates showing that Dematic was a state-fund participant and a compliant employer under the Workers' Compensation Acts in both Ohio and California on the date of Plaintiff's injury. *See* Doc. #68.

12

Plaintiff contends that the Court cannot consider these exhibits without converting the motion for judgment on the pleadings to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (stating that, if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and all parties must be given a reasonable opportunity to present all pertinent materials).

The Court disagrees. While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). The workers' compensation compliance certificates at issue are matters of public record. *Pope v. Wilsonville T, LLC,* No. 3:21-cv-00273, 2021 WL 2815800, at*3 (D. Ore. July 6, 2021). *See also Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of official information on government website, the accuracy of which was not disputed). The Court, therefore, may consider the certificates without converting the motion to a motion for summary judgment.

At issue is whether Dematic was Plaintiff's "employer" for purposes of workers' compensation immunity. As the court held in *Below v. Dollar General Corp.*, 2005-Ohio-4752, 163 Ohio App. 3d 694, ¶15, "for the purposes of workers' compensation immunity, an employee may have dual employment status."

13

Where the customer of a temporary staffing agency has the right to control the manner and means of performing the employee's work, that customer may be considered the "employer." If that customer complies with the applicable workers' compensation laws, then the customer, as the "employer," is statutorily immune from injury suits sounding in negligence. *See Daniels v. MacGregor* (1965), 2 Ohio St. 2d 89, 91, 206 N.E.2d 554.

Here, Plaintiff alleges that, although he was technically employed by IMI, a temporary staffing agency, it was IMI's customer, Dematic (and others) that had control over his day-to-day activities at the warehouse, and that undertook and shared responsibility for his safety. To the extent that Plaintiff alleges that this renders Dematic his "employer," Dematic is entitled to statutory immunity on the negligence claims.

In response to Dematic's statutory immunity argument, Plaintiff notes that, in its Answer, Dematic denied that it was Plaintiff's employer, denied that it had responsibility for Plaintiff's supervision, training and safety, and denied that Romero, Parsons, and Avila had any decision-making authority. Plaintiff then argues that these allegations create genuine issues of material fact concerning whether Dematic was his "employer" for purposes of statutory immunity.

Dematic points out, however, that denials contained in an Answer are irrelevant for purposes of the pending motion. In ruling on the motion for judgment on the pleadings, the Court must accept the facts alleged in the Complaint as true.

14

Dematic argues that Plaintiff's own allegations are sufficient, for purposes of the pending motion, to show that Dematic was his employer. Given that Dematic was in compliance with the workers' compensation laws at the time of Plaintiff's injury, Dematic contends that it is statutorily immune on Plaintiff's negligence claims. The Court agrees that, to the extent that Plaintiff seeks to recover on his negligence claims against Dematic based on his allegation that Dematic was his "employer," Dematic is statutorily immune on Counts III-VI.

Likewise, if Dematic were Plaintiff's "employer," then Dematic employees Romero, Avilo and Parsons, who are named as Defendants in Count VI of the Complaint, are statutorily immune from *personal* liability under Ohio or California law, given that Plaintiff received workers' compensation benefits for his injury.

Ohio Revised Code § 4123.74 provides:

> No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.

Likewise, California law provides that an employee who has received workers' compensation benefits for an injury may not recover against any other employee of the employer acting within the scope of his or her employment, unless the other employee engages in a willful and unprovoked physical act of aggression, or the plaintiff's injury is caused by the other employee's intoxication.

15

Cal. Lab. Code § 3601. Accordingly, if, as Plaintiff alleges, Dematic was his "employer," Romero, Avila and Parsons are statutorily immune from personal liability on Count VI.

If all of Plaintiff's negligence claims were based on his theory that Dematic was his "employer," dismissal of the claims asserted against all of the Dematic Defendants in Counts III through VI would be warranted on the basis of statutory immunity. However, in this case, because Plaintiff has asserted alternative theories of liability, the analysis does not end here.

### 2. Alternative Theories of Liability

Fed. R. Civ. P. 8(d)(2) allows for alternative claims. It provides that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Moreover, alternative claims need not necessarily be consistent. Fed. R. Civ. P. 8(d)(3).

As Plaintiff notes, he pled alternative theories of liability. In addition to his claim that Dematic is liable as his "employer," he pleads, in the alternative, that, "at a minimum," he was a "*frequenter* of the Crocs project" for purposes of Ohio Rev. Code § 4101.11 and § 4101.12. Doc. #1, PageID##16, 19 (emphasis added).

As the Ohio Supreme Court noted in *Kucharski v. National Engineering & Contracting Co.*:

> Originally enacted to benefit employees, these statutes are "no more than a codification of the common-law duty owed by the owner or occupier of premises to business invitees to keep his premises in a reasonably safe condition and to give warnings of latent or concealed perils of which he has, or should have, knowledge." *Westwood v.*

16

> *Thrifty Boy Super Markets, Inc.* (1972), 29 Ohio St.2d 84, 86, 58 O.O.2d 154, 156, 278 N.E.2d 673, 675. The subsequent passage of the Ohio Workers' Compensation Act, which protected covered employers from damage suits brought by employees injured on the job, rendered these statutes largely obsolete. *Ford Motor Co. v. Tomlinson* (C.A.6, 1956), 229 F.2d 873, 879. *They continue to be used, however, by injured employees of subcontractors who seek damages, in addition to workers' compensation benefits, from the property owners, or contractors in privity with their employers, who fail to keep the property safe from hazards for "frequenters."*

*Kucharski*, 1994-Ohio-320, 69 Ohio St. 3d 430, 432–33, 633 N.E.2d 515, 518 (emphasis added).

To the extent that Plaintiff has alleged, in the alternative, that Dematic is liable for violations of Ohio Revised Code §§ 4101.11 and 4101.12, because it breached its statutory duty to keep the Crocs' warehouse safe from hazards for "frequenters" such as himself, the Court finds that he has stated a plausible claim for relief.

Moreover, the claims set forth in Counts V (the negligent hiring claim against Dematic) and VI (the general negligence claim against all Defendants) are not necessarily dependent on Dematic's status as Plaintiff's alleged "employer." As Plaintiff notes, Defendants do not challenge the substance of these claims outside of their statutory immunity arguments.

Accordingly, to the extent that Counts III through VI of Plaintiff's Complaint plead alternative theories of liability which are not dependent on a finding that Dematic was his "employer," the Court finds that Plaintiff has stated a plausible

17

claim for relief. It therefore OVERRULES the Dematic Defendants' Motion for Judgment on the Pleadings on Counts III through VI.

## IV. Conclusion

For the reasons set forth above, the Court SUSTAINS IN PART and OVERRULES IN PART the Motion for Judgment on the Pleadings by Defendants Dematic Corp., Sergio Romero, Lorenzo Avila and Justin Parsons, Doc. #65.

As to the claims brought against Dematic and against Romero, Avila and Parsons as corporate representatives, the Court OVERRULES the motion as to Count I, but SUSTAINS the motion as to Count II. As to the claims brought against Romero, Avila and Parsons in their individual capacities, the Court SUSTAINS the motion as to Count I, but OVERRULES it as to Count II.

The Court OVERRULES the motion with respect to all negligence claims asserted in Counts III through VI. Even assuming *arguendo* that Defendants are entitled to statutory immunity based on Plaintiff's theory that Dematic was his "employer," Plaintiff has pled alternative theories that survive the pending motion.

Date: March 22, 2023

WALTER H. RICE
UNITED STATES DISTRICT JUDGE