IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PLINIO ALVARADO QUINONEZ, | : | Case No. 3:21-cv-00159 |
| Plaintiff, | : : | District Judge Walter H. Rice |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| IMI MATERIAL HANDLING LOGISTICS, INC., *et al*., | : : : | |
| Defendants. | : : | |

## ORDER GRANTING DEFENDANT CLAYCO'S MOTIONS TO COMPEL DISCOVERY AND FOR SANCTIONS (DOC. NOS. 101 & 112)

This action arises from injuries that Plaintiff sustained while working as a laborer in Vandalia, Ohio. (Complaint, Doc. No. 1, PageID 2-3.) Plaintiff alleges that his injuries were caused by inadequate training and lack of proper safety equipment. (*Id*.) Defendant Clayco, Inc. ("Clayco"), the general contractor for the construction project, has denied liability for Plaintiff's injuries. (Answer, Doc. No. 14.)

This matter is now before the Court on Defendant Clayco's First Motion to Compel Discovery Responses And [For] Sanctions ("First Motion," Doc. No. 101) and also its Second Motion to Compel Discovery Responses And [For] Sanctions ("Second Motion," Doc. No. 112). Both motions are well-taken and are **GRANTED**.

I. STATEMENT OF FACTS

On July 28, 2022, counsel for Defendant IMI Material Handling Logistics, Inc. ("IMI") emailed all parties to propose "a uniform set of discovery." (Plaintiff's Exhibit

1

A, Doc. No. 103-1, PageID 1271.) Counsel for Clayco did not respond. (*See* Response in Opposition to First Motion to Compel, Doc. No. 103, PageID 1268.)

On September 14, 2022, Clayco served Plaintiff with a first set of interrogatories and requests for production of documents. (Notice, Doc. No. 87.) Pursuant to Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff was required to respond or object to those discovery requests within thirty days. Plaintiff did not do so. Nor did Plaintiff seek an extension of time to respond. (Doc. No. 102, PageID 1262.)

On October 21, 2022, Clayco sent Plaintiff's counsel a "Golden Rule Letter"[1] that noted the lack of timely discovery responses and requested that Plaintiff either reply to the letter or provide discovery responses within five days. (Clayco's Exhibit B, Doc. No. 101-2.) Plaintiff did not respond. (Doc. No. 102, PageID 1263.)

On January 19, 2023, Clayco's counsel emailed Plaintiff's counsel to express an intent "to resolve [the] discovery dispute without the need for court intervention" and to ask when Plaintiff would provide discovery responses. (Clayco's Exhibit C, Doc. No. 101-3, PageID 1259.) Again, Plaintiff did not respond. (Doc. No. 102, PageID 1263.)

On May 10, 2023, District Judge Walter H. Rice conducted a telephone conference with the parties. Clayco's counsel informed the Court that Plaintiff had yet to respond to Clayco's first set of discovery requests. Counsel for Plaintiff indicated that he would review the outstanding requests.

---

[1] The term "golden rule letter," which Defendant Clayco uses throughout its motions, appears to be a term used in Missouri state courts for correspondence between parties intended to resolve a discovery dispute through informal means. *See* Holliger, Kennedy & Kennedy, LexisNexis Practice Guide: Missouri Pretrial Civil Litigation § 7.26 (LexisNexis Matthew Bender, Rev. Ed.). *Compare* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1.

2

Two days later, on May 12, 2023, Clayco's counsel emailed counsel for Plaintiff to inquire when the discovery responses would be provided. (Defendant Clayco's Exhibit D, Doc. No. 101-4.) Again, Plaintiff did not respond. (*See* Doc. No. 102, PageID 1264.)

On May 31, 2023, Clayco filed its First Motion. (Doc. No. 102.) Stating that it still had not received discovery responses from Plaintiff, Clayco asked the Court to order Plaintiff to comply with Clayco's discovery requests and to impose sanctions on Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure. (*Id*. at PageID 1264.)

While Clayco's First Motion was pending, Judge Rice conducted additional telephone conferences with the parties. On October 23, 2023, the parties filed a Joint Discovery Plan (Doc. No. 110). That document stated, in relevant part: "Plaintiff will provide updated medical records and bills by November 3, 2023. Responses to Clayco's outstanding discovery requests to be provided on November 3, 2023 as well." (*Id*. at PageID 1290.)

Despite these promises, however, Plaintiff did not provide his discovery responses by November 3, 2023. (Memorandum in Support of Second Motion, Doc. No. 112, PageID 1298.) Therefore, on November 13, 2023, Clayco's counsel emailed counsel for Plaintiff regarding the missing discovery responses. (Defendant Clayco's Second Exhibit A, Doc. No. 112-1.) Again, Plaintiff did not respond. (Doc. No. 113, PageID 1314-15.)

On November 27, 2023, Clayco filed its Second Motion. (Doc. No. 112.) In that motion, Clayco again requested an order compelling Plaintiff to respond to Clayco's discovery requests and imposing sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. (*Id*. at PageID 1299-1300.) In addition, Clayco asked the Court to deem

3

waived any objections that Plaintiff might assert in response to Clayco's discovery requests. As an alternative sanction, Clayco asked the Court to dismiss Plaintiff's case for failure to prosecute. (*Id.*) Plaintiff has not filed a response to the Second Motion.

## II. LEGAL STANDARD

Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure provide that, unless otherwise agreed by the parties or ordered by the court, a party served with interrogatories or requests for production of documents must respond or object within thirty days. With respect to interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Although Rule 34, which governs document requests, does not contain the same waiver provision, courts have applied the same waiver rule to document requests. *E.g., Boles v. Aramark Corr. Servs.*, No. 17-1919, 2018 WL 3854143, at *5 (6th Cir. March 19, 2018) ("The district court appropriately applied [the Rule 33(b)(4)] standard to the defendants' objections to [the plaintiff's] Rule 34 request for production of documents.").

If a party fails to timely respond or object to a discovery request, the proponent of the request must make good-faith efforts to resolve the dispute without court intervention. Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. If good-faith efforts at resolution are unsuccessful, then the proponent of the discovery request may seek a court order compelling the recipient to comply with the request. Fed. R. Civ. P. 37(a)(3)(B). This Court has "broad discretion in the resolution of [a] motion to compel." *Collier v. Logiudice*, 818 F. App'x 506, 512 (6th Cir. 2020).

In most circumstances, if a court grants a motion to compel, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the court must not order such a payment if 1) the movant filed the motion without attempting in good faith to resolve the discovery dispute without court action, or 2) the party opposing the motion to compel was substantially justified in its failure to respond, or 3) "other circumstances make an award of expenses unjust." *Id.*

### III.   ANALYSIS

It is significant that Clayco's Second Motion to Compel is unopposed. In general, a party's "[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees." S.D. Ohio Civ. R. 7.2(a)(2). *See also, e.g.*, Kendle v. Whig Enters., LLC, No. 2:15-CV-01295, 2016 WL 898569, at *4 (S.D. Ohio March 9, 2016) (McCann King, M.J.) ("Ordinarily, an unopposed motion to compel [will] be granted.").

The relevant facts are undisputed. Clayco served a set of interrogatories and requests for production of documents on Plaintiff on September 14, 2022. (Doc. No. 87; Doc. No. 112, PageID 1297.) Plaintiff failed to respond or object to those requests within the thirty-day time limit provided by Rules 33(b)(2) and 34(b)(2)(A), or to request an extension of time to do so. (*Id.*; *see also* Doc. No. 103.) More than a year has now passed and despite Clayco's repeated efforts to secure compliance, Plaintiff has apparently taken no action with respect to Clayco's discovery requests. (Doc. No. 112, PageID 1300.)

5

In his response to Clayco's First Motion, Plaintiff relied on a uniform discovery plan that was discussed by some parties early in the litigation. (Doc. No. 103, PageID 1267-68.) Plaintiff implied – although he did not explicitly argue – that the proposed plan obviated his obligations to respond to a party's discovery requests. (*Id*.) This contention is not well-taken. Even if, as Plaintiff contended, Clayco did not object to the uniform discovery plan, it is also clear that Clayco did not agree to that plan (Doc. No. 1277). Moreover, even if Plaintiff initially believed that no party would propound discovery requests, his receipt of Clayco's discovery requests should have dispelled any such notion. In any event, Clayco's repeated attempts to resolve the parties' discovery dispute plainly put Plaintiff on notice of his obligation to provide discovery responses.

Even if Plaintiff's initial failures to provide discovery responses could be excused, his more recent failures cannot be excused. By October 2023, Plaintiff was well aware of his long-overdue obligation to respond to Clayco's discovery requests. Indeed, it was Plaintiff's counsel who filed the Joint Discovery Plan, in which he promised that "[r]esponses to Clayco's outstanding discovery requests [are] to be provided on November 3, 2023." (Doc. No. 110, PageID 1290.) Plaintiff's unexplained failures to comply with that deadline and respond to Clayco's repeated efforts to resolve this dispute are unexcused and inexcusable.

It is therefore clear that Clayco is entitled to an order compelling Plaintiff to comply with its discovery responses. Moreover, Plaintiff neither timely objected to Clayco's discovery requests nor made any attempt to show good cause for its failure to do so. Accordingly, the Court finds that Plaintiff has waived any and all objections to

those discovery requests. *See* Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(C); *Boles v. Aramark Corr. Servs.*, No. 17-1919, 2018 WL 3854143, at *5 (6th Cir. March 19, 2018)

In addition, because Plaintiff's conduct "necessitated [Clayco's] motion[s]," Plaintiff is presumptively required to pay Clayco's expenses in making and prosecuting those motions. Fed. R. Civ. P. 37(a)(5)(A). The Court will, however, afford Plaintiff an opportunity to show cause why the Court should not order such sanctions.

Finally, the Court turns to Clayco's request that the Court dismiss Plaintiff's claims for failure to prosecute. (Doc. No. 112, PageID 1300.) "The dismissal of an action . . . is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (internal citation omitted). It is true that, in exceptional circumstances, "the failure to respond to a discovery request may constitute contumacious conduct" of that kind. *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484 (6th Cir. 2015) (citing to *Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997) (affirming dismissal where plaintiff failed to answer interrogatories for over a year, failed to respond to a motion to compel, and failed to comply with order compelling discovery)). But it is also true that the extreme sanction of dismissal is generally appropriate only if the court has previously explicitly warned the plaintiff of such a possibility. *Kovacic v. Tyco Valves & Controls*, 433 F. App'x, 376, 382 (6th Cir. 2011). Because Plaintiff has received no such warning this case, the Court will not consider dismissal at this time. **However, Plaintiff is *specifically cautioned* that any further**

7

**evidence of delay or contumacious behavior – including any failure to fully and timely comply with this Order – may result in the dismissal of his claims.**

IV. **CONCLUSION**

In sum, for the reasons stated, the Court **ORDERS** that Defendant Clayco's First Motion to Compel Discovery And [For] Sanctions (Doc. No. 101) and Second Motion to Compel And [For] Sanctions (Doc. No. 112) are **GRANTED**.

a. Not later than **FOURTEEN (14) DAYS** from the date of the instant Order, Plaintiff is **ORDERED** to respond fully and without objection to any and all discovery requests previously propounded by Defendant Clayco. No extensions to this deadline will be granted absent a showing of good cause.

b. Not later than **FOURTEEN (14) DAYS** from the date of the instant Order, Plaintiff is **ORDERED** to show cause why Plaintiff should not pay Defendant Clayco's expenses incurred with respect to its First and Second Motions pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. Defendant Clayco may file a reply no more than **SEVEN (7) DAYS** from the filing of Plaintiff's response.

**IT IS SO ORDERED.**

                                                     */s/ Caroline H. Gentry*
                                                     Caroline H. Gentry
                                                     United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)