IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PLINIO ALVARADO QUINONEZ,

    Plaintiff,

v.

IMI MATERIAL HANDLING LOGISTICS, INC., *et al.*,

    Defendants.

:
:
:
:

Case No. 3:21-cv-159

Judge Walter H. Rice

Mag. Judge Caroline H. Gentry

---

ORDER OVERRULING MOTION FOR ATTORNEYS FEES PURSUANT TO COURT ORDER AND RULE 54 OF DEFENDANT CLAYCO INC. (DOC. #135) WITHOUT PREJUDICE TO REFILING WITHIN THIRTY (30) DAYS OF ENTRY

---

Before the Court is the Motion for Attorneys Fees Pursuant to Court Order and Rule 54 ("Motion") of Defendant Clayco, Inc. ("Clayco"). (Doc. #135). On June 25, 2024, the Court adopted the Report and Recommendations of Magistrate Judge Peter B. Silvain, Jr., and dismissed the claims of Plaintiff Plinio Alvarado Quinonez against Clayco with prejudice for Plaintiff's repeated failures to comply with discovery orders. (Entry, Doc. #130, PAGEID 1541-44). The Court also held Plaintiff and his counsel jointly and severally liable for paying Clayco's costs and attorney fees related to Plaintiff's failure to comply with the Magistrate Judge's February 5, 2024, Discovery Order, and April 4, 2024, Order to Show Cause. (*Id.*

at 1544-46, citing Report, Doc. #123, PAGEID 1427; Feb. 2024 Order, Doc. #114; Apr. 2024 Order, Doc. 120).

On July 23, 2024, Clayco filed the Instant Motion, claiming $6,383 in attorney fees based on twenty-seven hours of work performed by two partners, Portia Kayser and Josh Grumke, at a rate of $245 per hour, and one paralegal, Jennifer Hake, at a rate of $100 per hour. (Doc. #135, PAGEID 1558, ¶¶ 2-4). These fees included:

> a. Preparing Clayco's Reply in Support of its Motion for Sanctions in response to Plaintiff's response to the Court's Show Cause Order associated with payment of $3,000.00 in attorneys' fees associated with Clayco's First and Second Motions to Compel [Doc. 116, 11.2 hours];
>
> b. Clayco's Reply to Plaintiff's Response to Show Cause Order associated with the dismissal of Plaintiff's case against Clayco [Doc. 122, 4.5 hours];
>
> c. Clayco's Response to Plaintiff's Objection to Report and Recommendation of the Magistrate Judge [Doc. 128, 7.7 hours];
>
> d. Corresponding with Plaintiff's counsel to attempt to resolve the issues without the need for court intervention [1.3 hours]; and
>
> e. Communicating with client regarding the ongoing dispute [2.3 hours].

(*Id.* at PAGEID 1559, ¶ 4; Memo. in Support, Doc .#136, PAGEID 1564-65). Clayco argues that the time spent on these matters is reasonable, and, because the two attorneys and paralegal have fourteen, nine, and seventeen years of experience, respectively, the hourly rates and lodestar calculation as a whole are reasonable. (Doc. #136, PAGEID 1565-66, quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *N.E. Ohio Coalition for Homeless v. Brunner*, 652 F.

2

Supp. 2d 871, 885 (S.D. Ohio 2009) (Marbley, J.); *Trs. of 4th Dist. IBEW Health Fund v. Early Constr. Co,* No. 1:21-cv-309, 2022 WL 4000010, at *2 (S.D. Ohio Sept. 1, 2022) (Black J.)).

In opposition, Plaintiff notes that Clayco cannot obtain payment as to hours worked that "are excessive, redundant, or otherwise unnecessary." (Memo. in Opp., Doc. #142, PAGEID 1585, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), *superseded on other grounds by* 42 U.S.C. § 1997e). He argues that Clayco's counsel has not sufficiently detailed the work that it did in its "block billing" entries, and thus, the Court has no basis to assess the reasonableness of the fee request. (*Id.* at PAGEID 1585-86, quoting *Fulkerson v. Yaskawa Am., Inc.*, No. 3:13-cv-130, 2015 WL 6408120, *6 (S.D. Ohio Oct. 23, 2015), *aff'd*, 2016 WL 927229 (S.D. Ohio Mar. 7, 2016) (Rice, J.)). He claims that Clayco's counsel "overworked" the filings, billing 15.7 hours for work on two reply briefs that totaled a combined fifteen pages and: "contain substantial identical content, including portions the factual background, procedural history, legal arguments, and certain specific language used in the documents. Both documents address the same legal issues related to discovery in this case." (*Id.* at PAGEID 1586-87). As to Clayco's Response to Plaintiff's Objections to the above-mentioned Report, Clayco's counsel spent 7.7 hours on an eight-page document. (*Id.* at PAGEID 1587). Finally, the categories of communication with opposing counsel and between counsel and Clayco do not detail the activities that took place for which compensation is sought. (*Id.* at PAGEID 1587-88). Plaintiff asserts that because

3

Clayco has failed to meet its burden of showing the actual work for which its counsel is requesting compensation, "the request for attorney fees [should] be denied or, alternatively, that the requested fee amount [should] be significantly reduced in the discretion of the Court." (*Id.* at PAGEID 1588).

Clayco did not file a reply. The matter is now ripe for decision.

## I. Applicable Law

An award of attorney fees as a discovery sanction must be reasonable and not compensate hours of work that were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. However, a district court has wide discretion in the decision to grant and the amount of an award; an award will be disturbed on appeal only for a mistake of law or "clearly erroneous factual findings[.]" *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008), quoting *Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir.2004).

The starting premise for an award of fees is the well-established "'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle*, 515 at 551-52, citing *Hensley*, 461 U.S. at 433. The party seeking fees must submit documentation such that the Court may determine that the hours claimed were actually expended on the litigation. However, once the party seeking fees demonstrates that the hours and fees are reasonable, the lodestar calculation is

4

presumptively reasonable. *Id.* at 552, citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564-65 (1986).

## II. Analysis

As discussed above, Kayser and Grumke, attorneys with fourteen and nine years of experience, respectively, in construction litigation, charge $245 per hour, and Hake, a paralegal with seventeen years of legal experience, charges $100 per hour. (Doc. #136, PAGEID 1565). Plaintiff does not argue that these rates are unreasonable, and indeed, this Court has approved attorney fee rates of $500 per hour or more. *See, e.g., Obeidallah v. Anglin*, No. 2:17-cv-720, 2019 WL 13161446, *3 n.1 (S.D. Ohio Jul. 29, 2019) (Sargus, J.) (reducing fee award from $908 per hour to $500); *City of Plantation Police Officers Employees Retirement Sys., Inc. v. Jeffries*, No. 2:14-cv-1380, 2014 WL 7404000, *15 (S.D. Ohio. Dec. 30, 2014) (King, Mag. J.) (capping fees at $625 per hour). Consequently, Clayco's counsel has met its burden to show that the hourly rates are reasonable.

Plaintiff focuses mostly on the lack of detail provided by Clayco with respect to the hours expended, arguing that the hours billed are excessive and, to some extent, duplicative. (Doc. #142, PAGEID 1586-87). The Court disagrees in part. Categories (b) and (c) describe the work performed in relation to the Court's ultimate decision to dismiss Plaintiff's claims against Clayco with prejudice, not only achieving ultimate judgment in its favor but also ending Clayco's yearslong involvement in this case. In light of the significance of the relief obtained by

5

Clayco, a combined 12.2 hours expended on those filings is not excessive. Nor is counsel spending 1.3 hours communicating with opposing counsel (section d) and 2.3 hours communicating with Clayco (section e) excessive, given the longstanding discovery disputes in the case. Finally, the Reply in Support of Sanctions (Doc. #116, section a) required Clayco to compile Plaintiff's discovery responses and evaluate them before it could explain to the Court why they were legally insufficient. Despite the reply being brief, the Court does not conclude that 11.2 hours spent working on that is excessive. Thus, the lodestar calculation appears reasonable.

However, Plaintiff is correct that the supporting materials provided by Clayco do not provide sufficient information for the Court to determine what work the two attorneys and paralegal did on the case and when they did it. All the Court knows from the materials submitted by Clayco is how much time each attorney or paralegal spent in relation to each filing or counseling (with opposing counsel or Clayco as client). (Doc. #136, PAGEID 1564-66). The information required need not be extremely detailed; it could be as simple as reproducing (with redactions for attorney-client privilege or work-product protection) the relevant portions of the attorneys and paralegal's time logs or the billing information memoranda that counsel sent to Clayco. However, the materials must at least inform the Court of which tasks were performed and when: "Courts in this circuit have reduced attorney fees . . . where billing records lumped together time entries under one total so that it was impossible to determine the amount of time spent on

6

each task." *Imwalle*, 515 F.3d at 553 (internal quotation marks and citation omitted). As Clayco did just that, the Motion must be overruled.

However, given the Court's above conclusions that the hourly fees and hours expended (if accurate) are reasonable, Clayco should have the opportunity to support adequately its lodestar calculation. Consequently, the Motion will be overruled without prejudice to refiling.

## III. Conclusion

For the foregoing reasons, Clayco's Motion (Doc. #135) is OVERRULED WITHOUT PREJUDICE to refiling within thirty (30) days of entry. Any such refiling shall contain supporting evidence sufficient for the Court to ascertain the nature and date of tasks performed by Clayco's counsel and paralegal for which it seeks an award of fees.

IT IS SO ORDERED.

September 17, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT