IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PLINIO ALVARADO
QUINONEZ,

    Plaintiff,

v.

IMI MATERIAL HANDLING
LOGISTICS, INC., *et al.*,

    Defendants.

:
:
:
:

Case No. 3:21-cv-159

Judge Walter H. Rice

Mag. Judge Caroline H. Gentry

---

ORDER SUSTAINING AMENDED MOTION FOR ATTORNEYS' FEES
PURSUANT TO COURT ORDER AND RULE 54 OF DEFENDANT
CLAYCO, INC. (DOC. #147); PLAINTIFF PLINIO ALVARADO
QUINONEZ AND HIS COUNSEL ARE JOINTLY AND SEVERALLY
LIABLE FOR CLAYCO'S ATTORNEY FEES AND SHALL REMIT SIX
THOUSAND THREE HUNDRED EIGHTY THREE DOLLARS ($6,383.00)
TO CLAYCO'S COUNSEL WITHIN THIRTY (30) DAYS OF ENTRY

---

Before the Court is the Amended Motion for Attorneys' Fees Pursuant to Court Order and Rule 54 ("Amended Motion") of Defendant Clayco, Inc. ("Clayco"). (Doc. #147). For the reasons set forth below, the Amended Motion is SUSTAINED.

**I.   Procedural History**

On June 25, 2024, the Court adopted the Report and Recommendations of Magistrate Judge Peter B. Silvain, Jr., and dismissed the claims of Plaintiff Plinio Alvarado Quinonez against Clayco with prejudice for Plaintiff's repeated failures to

comply with discovery orders. (Entry, Doc. #130, PAGEID 1544). The Court also held Plaintiff and his counsel jointly and severally liable for paying Clayco's costs and attorney fees related to Plaintiff's failure to comply with the Magistrate Judge's February 5, 2024, Discovery Order, and April 4, 2024, Order to Show Cause. (*Id*. at 1544-46).

On July 23, 2024, Clayco filed its initial Motion for Attorneys' Fees and , claiming $6,383 in attorney fees based on twenty-seven hours of work performed by two partners, Portia Kayser and Josh Grumke, at a rate of $245 per hour, and one paralegal, Jennifer Hake, at a rate of $100 per hour. (Initial Motion, Doc. #135, PAGEID 1558, ¶¶ 2-4). These fees included:

> a. Preparing Clayco's Reply in Support of its Motion for Sanctions in response to Plaintiff's response to the Court's Show Cause Order associated with payment of $3,000.00 in attorneys' fees associated with Clayco's First and Second Motions to Compel [Doc. 116, 11.2 hours];
>
> b. Clayco's Reply to Plaintiff's Response to Show Cause Order associated with the dismissal of Plaintiff's case against Clayco [Doc. 122, 4.5 hours];
>
> c. Clayco's Response to Plaintiff's Objection to Report and Recommendation of the Magistrate Judge [Doc. 128, 7.7 hours];
>
> d. Corresponding with Plaintiff's counsel to attempt to resolve the issues without the need for court intervention [1.3 hours]; and
>
> e. Communicating with client regarding the ongoing dispute [2.3 hours].

(*Id*. at PAGEID 1559, ¶ 4; Memo. in Support, Doc .#136, PAGEID 1564-65).

Clayco argued that the time spent on these matters is reasonable, and, because the two attorneys and paralegal have fourteen, nine, and seventeen years

of experience, respectively, the hourly rates and lodestar calculation as a whole are reasonable. (Doc. #136, PAGEID 1565-66, quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *N.E. Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 885 (S.D. Ohio 2009) (Marbley, J.); *Trs. of 4th Dist. IBEW Health Fund v. Early Constr. Co*, No. 1:21-cv-309, 2022 WL 4000010, at *2 (S.D. Ohio Sept. 1, 2022) (Black J.)). The Court noted that Plaintiff did not object to the hourly rates of Clayco's attorneys and paralegal, and posited that, given the complexity of the case and the outcome achieved—"not only achieving judgment in its favor but also ending Clayco's yearslong involvement in this case"—the hours expended by counsel did not seem unreasonable. (Doc. #146, PAGEID 1600-01). However, it declined to adopt Clayco's lodestar calculation and assess fees because the supporting materials to the Initial Motion did "not provide sufficient information for the Court to determine what work the two attorneys and paralegal did on the case and when they did it." (*Id*. at PAGEID 1601). Consequently, the Court overruled the Initial Motion without prejudice to refiling, giving Clayco a chance to itemize each task for which it seeks attorney fees and the amount of time spent on it. (*Id*. at PAGEID 1601-02).

On October 17, 2024, Clayco filed the Amended Motion. The substantive discussion of lodestar calculations, hours expended, and hourly rates in the Amended Supporting Memorandum (Doc. #148, PAGEID 1608-10) was largely similar to the Initial Supporting Memorandum. (Doc. #136, PAGEID 1563-65). However, whereas in the Initial Supporting Memorandum, Clayco simply produced

3

a table that discussed an overall task (*e.g.*, drafting and preparing a court filing, corresponding with the client or counsel) and the amount of time each attorney or paralegal spent on that broad task (*id.* at PAGEID 1564-65), Clayco attached to the Amended Supporting Memorandum a table that detailed the specific task performed (*e.g.*, reviewing Answers to Interrogatories, preparing case status update for client), the date on which it was performed, the person performing the work, and the hours expended. (Ex. D, Doc. #148-4, PAGEID 1619-24). At the bottom of the table, the hours were compiled and multiplied by the hourly rates, and those products were added together to get the total of $6,383.00. (*Id.* at PAGEID 1624).

Plaintiff did not file a memorandum *contra*, and the time for doing so has passed. S.D. OHIO CIV.R. 7.2(a)(2). The matter is ripe for decision.

## II.  Applicable Law

An award of attorney fees as a discovery sanction must be reasonable and not compensate hours of work that were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. However, a district court has wide discretion in the decision to grant and the amount of an award; an award will be disturbed on appeal only for a mistake of law or "clearly erroneous factual findings[.]" *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008), quoting *Wikol v. Birmingham Pub. Schs. Bd. of Educ.,* 360 F.3d 604, 611 (6th Cir.2004).

4

The starting premise for an award of fees is the well-established "'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle*, 515 F.3d at 551-52, citing *Hensley*, 461 U.S. at 433. The party seeking fees must submit documentation such that the Court may determine that the hours claimed were actually expended on the litigation. However, once the party seeking fees demonstrates that the hours and fees are reasonable, the lodestar calculation is presumptively reasonable. *Id*. at 552, citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564-65 (1986).

### III. Analysis

As discussed in the Order on the Initial Motion, the Court found that the hourly rates charged by Kaiser, Grumke, and Hale were reasonable (Doc. #146, PAGEID 1600), and that spending 11.2 hours in support of Clayco's motion for sanctions, 12.2 hours on necessary filings that resolved the matter in Clayco's favor, and 3.6 hours in correspondence with opposing counsel and the client were facially reasonable. (*Id.* at PAGEID 1600-01). Consequently, "the lodestar calculation appears reasonable." (*Id.* at PAGEID 1601). However, the Court could not make a final determination on the reasonableness because the proffered "billing records lumped together time entries under one total so that it was impossible to determine the amount of time spent on each task." *Imwalle*, 515 F.3d at 553 (internal quotation marks and citation omitted).

Here, Clayco's materials show exactly what was being worked on, when, by whom, and for how long. This is all that is required for the Court to conclude that Clayco's lodestar calculation is accurate and reasonable. (*See* Doc. #146, PAGEID 1601 ("The information required need not be extremely detailed; it could be as simple as reproducing . . . the relevant portions of the attorneys and paralegal's time logs or the billing information memoranda that counsel sent to Clayco.")). Consequently, and in accordance with the Court's previous Orders, Plaintiff or his counsel must pay the amount claimed by Clayco.

## IV.  Conclusion

For the foregoing reasons, Clayco's Amended Motion (Doc. #147) is SUSTAINED. Plaintiff and his counsel are jointly and severally liable for payment of $6,383.00, and shall remit that amount to Clayco's counsel within thirty (30) days of entry.

IT IS SO ORDERED.

*Walter H. Rice*
WALTER H. RICE, JUDGE
November 12, 2024    UNITED STATES DISTRICT COURT